## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | |
|---|---|
| RICHARD PACK, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:24-cv-01120-JAR |
| ) | |
| OFFICER KEVIN JACKSON and ) | |
| SAINT ANN POLICE DEPARTMENT, ) | |
| ) | |
| Defendant. ) | |

### MEMORANDUM AND ORDER

This matter is before the Court on the Motion to Dismiss filed by Defendants Officer Kevin Jackson and the Saint Ann Police Department.  ECF No. 5.  Plaintiff Richard Pack filed a Response.  ECF No. 10.  Defendant filed their Reply.  ECF No. 11.  Because this matter was removed from the state court by Defendants and because the Court "should be especially deferential when reviewing the facts in a *pro se* complaint," *Parker v. Pickens*, No. 4:20-cv-276, 2020 WL 3022478, at *1 (W.D. Mo. June 4, 2020) (citing *Topchain v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 849 (8th Cir. 2014)), the Court will permit Plaintiff an opportunity to amend his Complaint.

### Background

Plaintiff first filed this case on July 8, 2024, in the Circuit Court of St. Louis County, Missouri, alleging that Defendants violated several of his rights secured by the Missouri and United States Constitutions.  ECF No. 3.  On August 14, 2024, Defendants removed the case to this court based on the Court's original jurisdiction under 28 U.S.C. §§ 1331 and 1343 because Plaintiff alleges, in part, violations of his federal constitutional rights under 42 U.S.C. § 1983.

ECF No. 1.  Defendants further contend that the Court has supplemental jurisdiction over Plaintiff's remaining state law claims under 28 U.S.C. § 1367.

Plaintiff's Complaint[1] alleges the following facts: On May 23, 2024, at approximately 3:36 p.m., Defendant Kevin Jackson, a St. Ann police officer, pulled over Plaintiff while he was riding on his bicycle on St. Charles Rock Road.  Plaintiff alleges that Defendant Jackson stopped him for riding through a red light on his bicycle, which Plaintiff disputes.  Defendant Jackson then asked to see Plaintiff's I.D., but Plaintiff stated he did not have one.  Defendant Jackson then asked Plaintiff for his "information," but Plaintiff refused to answer any further questions.  Defendant Jackson and Plaintiff then had a short discussion about whether Plaintiff's bicycle "was classified as traffic or not and whether or not the PLAINTIFF was being placed under custodial arrest . . . ."  ECF No. 3 at ¶ 4.  Plaintiff then continued to refuse to answer any questions.  Defendant Jackson proceeded to handcuff Plaintiff and place him under arrest.  After placing Plaintiff under arrest, Defendant Jackson searched Plaintiff's person and seized Plaintiff's property.  Plaintiff alleges that this search constituted an assault.

Defendant Jackson later placed Plaintiff into a St. Ann patrol vehicle and transported him to the St. Ann Police Department.  Plaintiff remained under arrest at the St. Ann Police Department for an unknown period of time.  He was fingerprinted and photographed without his consent.  Plaintiff's "papers were used to obtain incorrect information about" him and "documents were drawn up" against Plaintiff using this false information.  *Id.* at ¶ 6.

In Count I, Plaintiff claims that Defendant Jackson acted under color of law "to restrict the PLAINTIFF'S locomotion" and "is now liable to PLAINTIFF under 42 USC § 1983 . . . ."

---

[1] An initial filing of a civil action in Missouri courts is called a "Petition."  This Court uses the term "Complaint" to refer to these initial filings.  To avoid confusion, for the remainder of this Order, Plaintiff's Petition (ECF No. 3) will be referred to as his Complaint.

2

*Id.* at ¶ 8.  In Count II, Plaintiff claims that he was falsely imprisoned in violation of the Missouri Constitution, Article I Section 10.  In Count III, Plaintiff claims that Defendant Jackson violated his right to be "secure in his person, papers, effects, and other property" from unreasonable and warrantless search and seizure under the Missouri Constitution, Article I, Section 15.  Plaintiff further alleges that he "suffered embarrassment, mental anguish, a loss of productive time and profit in his business, and a deprivation of his property."  *Id.* at ¶ 12.  In Count IV, Plaintiff claims that after his arrest, he suffered "[v]arious assaults and batteries at the hands of the employees handling the booking of the PLAINTIFF, handcuffing, multiple physical searches, unwanted fingerprinting and photographing of the PLAINTIFF against his will" all while Plaintiff informed the unnamed perpetrators of his intent to file suit and that they lacked his consent.  *Id.* at ¶ 14.  Plaintiff requests monetary damages of $25,001 "as remedy for the violations suffered and associated costs."  *Id.* at 3.

On August 19, 2024, Defendants filed their Motion to Dismiss (ECF No. 5) and their Memorandum of Law in Support of their Motion (ECF No. 6).  After the Court granted Plaintiff's request for additional time (ECF No. 9), Plaintiff filed his Response on October 3, 2024 (ECF No. 10).  On October 7, 2024, Defendants filed their Reply.  ECF No. 11.

Defendants assert that all of Plaintiff's claims should be dismissed against all named Defendants.[2]  As to Count I, Defendants argue that Plaintiff fails to state a claim under Section 1983 against either Defendant because he has failed to specify a federal law, statute, or constitutional amendment that either Defendant violated.  Alternatively, Defendants contend that

---

[2]    Defendant also states that the "St. Ann Police Department" is an improperly named Defendant because "[t]he St. Ann Police Department is not a legal entity that may be sued; rather, it is an administrative arm of the City of St. Ann."  ECF No. 6 at 1, n.1.  Defendants also state that "Defendant City of St. Ann enters this lawsuit and responds to the same."  *Id.*

3

Plaintiff's Count I fails to specifically allege any misconduct on the part of the City of St. Ann because he fails to contend liability under *Monell v. New York City Department of Social Services*, 436 U.S. 658 (1978).  Defendants further aver that Defendant Jackson has not been expressly sued in his individual capacity, and thus all claims are raised against him in his official capacity.

Defendants argue that Plaintiff's Counts II and III fail because no Missouri statute permits citizens to seek monetary damages for violations of the Missouri Constitution. Defendants further argue that Counts II, III, and IV should be dismissed as to Defendant the St. Ann Police Department because the City of St. Ann is entitled to sovereign immunity as to all common law tort claims under Mo. Rev. Stat. § 537.600.  Defendants contend that Defendant Jackson, as sued in his official capacity, is also entitled to sovereign immunity.  Additionally, Defendants state that, even if the Court finds that Defendant Jackson is sued in his individual capacity, Counts II, III, and IV should be dismissed against him because he is entitled to official immunity for his discretionary actions taken incident to the arrest.

Plaintiff filed a Response[3] in which he objects to statements made in Defendants' Motion and Memorandum in Support.  ECF No. 11.  Plaintiff generally objects to the narrative explanation of the events of May 23, 2024, and insists that Defendants have misrepresented various facts.  Plaintiff contends that his criminal case related to his May 23 arrest "was dismissed at trial . . . at the request of the prosecuting attorney herself" and therefore "[b]ecause it can be said that there is no record of this violation taking place it can be said that no violation occurred."  *Id.* at 1.  According to Plaintiff, this means that Defendant Jackson's arrest, search,

---

[3] Plaintiff's Response is actually two documents, one specifically responding to Defendants' Motion to Dismiss, and a second responding to Defendant's Memorandum of Law in Support.  The Court considers both documents taken together as Plaintiff's Response.

and seizure of Plaintiff violated Plaintiff's constitutionally protected rights. Plaintiff then reiterates his allegations that Defendant Jackson unlawfully seized Plaintiff for violating "only a corporate municipal policy based on the regulation of vehicles operating in a commercial capacity," citing to the Universal Commercial Code ("UCC") § 9-109. Plaintiff does not explain what relevance the UCC has to this tort action.

As to Count I, Plaintiff contends that "a restriction of a man's locomotion by anyone without lawful cause is an obvious violation of one's right to due process of law by deprivation of liberty before due process has been carried out." *Id.* at 3. Plaintiff then makes some general arguments that Defendants are not constitutionally permitted to act as an official government entity such that they cannot be entitled to qualified immunity. He then makes the conclusory statement that his "claims are fully viable and will not be ignored." *Id.* at 5. Plaintiff also claims that neither Defendant enjoys sovereign immunity in this case because Missouri law is subordinate to federal law.

In response to Defendants' argument that Plaintiff's claims relating to alleged violations of his rights under the Missouri Constitution are not valid claims, Plaintiff cites to *Haines v. Kerner*, 404 U.S. 519 (1972) for the contention that "[a] Pro Se Litigant's claim cannot be dismissed for failure to state a claim upon which the court cannot grant relief." ECF No. at 9. However, *Haines v. Kerner* does not contain this statement and does not stand for this proposition. While the Supreme Court in *Haines* clarified that allegations in pro se complaints are held to a "less stringent standard" compared to pleadings drafted by attorneys, it did not permit pro se litigants to completely avoid dismissal under Federal Rule of Procedure 12(b)(6) when a complaint's allegations are insufficient to state a claim. *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972).

5

Defendants filed a short Reply in which they argue that Plaintiff has failed to support the viability of his case with sufficient legal analysis and authority.  ECF No. 11.

## Legal Standard

The purpose of a motion to dismiss under Rule 12(b)(6) is to test the legal sufficiency of the complaint.  A complaint must be dismissed for failure to state a claim when it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  Pleadings must include sufficient factual information to provide notice of the grounds on which the claims rest and must "raise a right to relief above a speculative level." *Id.* at 555; *see also Schaaf v. Residential Funding Corp.*, 517 F.3d 544, 549 (8th Cir. 2008).  This obligation requires a plaintiff to plead "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555.  A complaint "must contain either direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory." *Id.* at 562 (citation omitted).  When considering a motion to dismiss, the Court accepts as true all factual allegations contained in the complaint and reviews the complaint to determine whether its allegations show that the pleader is entitled to relief. *Id.* at 555-56; Fed. R. Civ. P. 8(a)(2).

## Discussion

Defendants have raised several arguments for why this case should be dismissed under Federal Rule of Civil Procedure 12(b)(6).  However, rather than dismiss this case for the reasons Defendants have raised, the Court will instead permit Plaintiff an opportunity to amend his Complaint to conform with federal pleading standards.

As stated above, Plaintiff first filed his Complaint in Missouri state court.  It is unsurprising then that Plaintiff's Complaint emphasized potential violations of Missouri law the

6

Missouri Constitution rather than the United States Constitution. However, to adequately raise claims under 42 U.S.C. § 1983, plaintiff must allege facts regarding three essential elements: "(1) [a] violation of a constitutional right, (2) committed by a state actor, (3) who acted with the requisite culpability and causation to violate the constitutional right." *Shrum ex rel. Kelly v. Kluck*, 249 F.3d 773, 777 (8th Cir. 2001) (citation omitted). In liberally construing Plaintiff's pro se Complaint, *see Parker*, 2020 WL 3022478, at *1 ("[A] *pro se* complaint should be construed 'in a way that permits the layperson's claim to be considered within the proper legal framework.'") (quoting *Topchain*, 760 F.3d at 849), the Court finds that Plaintiff may in fact be adequately alleging violations of his federal rights even if he has not specifically expressed what laws or constitutional rights Defendants are to have violated. Plaintiff will thus be permitted an opportunity to clarify his allegations and state which federal laws or which of Plaintiff's federal constitutional rights Defendants have allegedly violated.

Similarly, it is no surprise that Plaintiff's pro se Complaint, as filed in the state court, does not strictly conform with federal pleading standards. In permitting Plaintiff an opportunity to amend, the Court will instruct Plaintiff to conform his Amended Complaint to the Federal Rules of Civil Procedure and the Court's Local Rules.

Plaintiff has also failed to state whether Defendant Jackson is being sued in his official or individual capacity. Generally, "[i]f the complaint does not specifically name the defendant in his individual capacity, it is presumed he is sued only in his official capacity." *Baker v. Chisom*, 501 F.3d 920, 923 (8th Cir. 2007) (quoting *Artis v. Francis Howell N. Band Booster Ass'n, Inc.*, 161 F.3d 1178, 1182 (8th Cir. 1998)). However, the Court believes it will benefit from Plaintiff more clearly stating in which capacity he is bringing claims against Defendant Jackson. Plaintiff

7

will therefore be permitted an opportunity to amend his Complaint to clarify whether he is suing Defendant Jackson in his individual capacity, official capacity, or both.

Defendants have also challenged the claims against the St. Ann Police Department as failing to allege any particular action that the Police Department is to have taken, and thus as failing to express a *Monell* claim. The Eighth Circuit recently stated that "[a] municipality may only be liable for a constitutional violation resulting from (1) an 'official municipal policy,' (2) an 'unofficial custom,' or (3) 'failure to train or supervise." *Poemoceah v. Morton Cnty.*, 117 F. 4th 1049, 1057 (8th Cir. 2024). Plaintiff will also have an opportunity to amend his Complaint to add sufficient factual allegations of actions taken by the St. Ann Police Department that would support a *Monell* claim against it.

## Conclusion

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff Richard Pack shall have **twenty-one (21) days** from the date of this order in which to file a Motion to Amend and a Proposed Amended Complaint that conforms to the Federal Rules of Civil Procedure and the Court's Local Rules.

Failure to timely file these materials may result in dismissal of this matter.

Dated this 7th day of November, 2024.

_____
JOHN A. ROSS
UNITED STATES DISTRICT JUDGE