UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| RICHARD PACK, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:24-cv-01120-JAR |
| ) | |
| OFFICER KEVIN JACKSON and ) | |
| THE CITY OF SAINT ANN, MISSOURI, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on the motion to dismiss filed by Defendants Officer Kevin Jackson and the City of St. Ann, Missouri.  ECF No. 25.  Plaintiff Richard Pack filed a response.  ECF No. 27.  Defendants filed their reply.  ECF No. 29.  This matter is now fully briefed and ripe for disposition.  For the reasons set forth below, the Court will grant in part and deny in part Defendants' motion.

**Background**

Plaintiff first filed this case on July 8, 2024, in the Circuit Court of St. Louis County, Missouri, naming as Defendants Officer Kevin Jackson and the St. Ann Police Department. Plaintiff alleged that these Defendants infringed on several of his rights secured by the Missouri and United States Constitutions.  ECF No. 3.  On August 14, 2024, these Defendants removed the case to this court based on the Court's original jurisdiction under 28 U.S.C. §§ 1331 and 1343 because Plaintiff alleged, in part, violations of his federal constitutional rights pursuant to 42 U.S.C. § 1983.  ECF No. 1.  Defendants further contended that the Court had supplemental jurisdiction over Plaintiff's remaining state law claims under 28 U.S.C. § 1367.

On August 19, 2024, Defendants Jackson and the St. Ann Police Department filed a motion to dismiss.  ECF No. 5.  Following full briefing on the motion, the Court decided that, in lieu of dismissal, it would deny the motion and permit Plaintiff an opportunity to amend his Petition to conform with federal pleading standards.  ECF No. 12.

Plaintiff filed his Amended Complaint on January 17, 2025.  ECF No. 22.  Plaintiff now names as Defendants Officer Jackson[1] and the City of St. Ann.  Plaintiff again makes allegations that these Defendants violated several of his constitutional rights protected by the Fourth, Sixth, and Fourteenth Amendments to the United States Constitution.  According to the Amended Complaint, the alleged constitutional violations stem from a traffic stop that occurred on or around May 23, 2024.  Plaintiff's claims are again raised pursuant to 42 U.S.C. § 1983.

Plaintiff alleges the following facts: On May 23, 2024, at approximately 3:36 p.m., Defendant Jackson, a St. Ann police officer, pulled over Plaintiff while he was riding on his bicycle on St. Charles Rock Road.  Plaintiff alleges that Defendant Jackson accused Plaintiff of riding through a red light on his bicycle, to which Plaintiff responded that he saw a green light.  Defendant Jackson then asked to see Plaintiff's identification, but Plaintiff stated he did not have one.  Defendant Jackson then asked Plaintiff for his "information," but Plaintiff refused to answer any further questions.  Defendant Jackson and Plaintiff then had a short discussion about whether Plaintiff's bicycle "was classified as traffic or not and whether or not the PLAINTIFF was being placed under custodial arrest . . . ."  ECF No. 22 at ¶ 4.  Plaintiff then continued to refuse to answer any questions.  Defendant Jackson then proceeded to handcuff Plaintiff and place him under arrest.

---

[1] Plaintiff names Officer Jackson as "Individual Proprietor Kevin Jackson" to indicate that he raises his claims against Officer Jackson in his individual capacity.

After placing Plaintiff under arrest, Defendant Jackson searched Plaintiff's person and seized Plaintiff's property. Plaintiff alleges that this search constituted an assault. Defendant Jackson later placed Plaintiff into a St. Ann Police Department patrol vehicle and transported him to the St. Ann Police Department. Plaintiff remained under arrest at the St. Ann Police Department for an unknown period of time, and he was fingerprinted and photographed without his consent. Plaintiff's "papers were used to obtain incorrect information about" him and "documents were drawn up" against Plaintiff using this false information. *Id.* at ¶ 6.

Plaintiff does not lay out his claims into separate counts but instead generally alleges that the foregoing allegations constitute violations of his rights protected by the Fourth, Sixth, and Fourteenth Amendments.

Defendants Jackson and the City of St. Ann assert that Plaintiff's claims should be dismissed for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). ECF Nos. 25 and 26. Specifically, Defendants argue that Plaintiff's allegations fail to allege any underlying violations of Plaintiff's constitutional rights under the Fourth, Sixth, or Fourteenth Amendments. Defendant the City of St. Ann also seeks dismissal because Plaintiff has failed to allege any actions on the part of the municipality that would trigger municipal liability under *Monell v. Department of Social Services*, 436 U.S. 658 (1978). Defendant Jackson separately asserts that the claims raised against him in his individual capacity are barred by the doctrine of qualified immunity. Defendants also argue that Plaintiff's requests for punitive damages should be dismissed because such claims are not recoverable against a municipality in actions raised under § 1983.

Plaintiff filed a Response[2] in which he objects to statements made in Defendants' Motion and Memorandum in Support. ECF Nos. 27 and 28. Plaintiff cites to *Haines v. Kerner*, 404 U.S. 519 (1972) for the contention that "[a] Pro Se Litigant's claim cannot be dismissed for failure to state a claim upon which the court can grant relief." ECF No. at 9. However, *Haines v. Kerner* does not contain this statement and does not stand for this proposition. While the Supreme Court in *Haines* clarified that allegations in pro se complaints are held to a "less stringent standard" compared to pleadings drafted by attorneys, the Court did not permit pro se litigants to completely avoid dismissal under Federal Rule of Procedure 12(b)(6) when a complaint's allegations are insufficient to state a claim. *Haines*, 404 U.S. at 520–21.

Plaintiff then makes some general conclusory statements that his claims adequately state that Defendants violated his Fourth, Sixth, and Fourteenth Amendment rights. He dismisses outright the applicability of *Bell Atlantic Corporation v. Twombly* to his pro se pleading, again relying on his mistaken understanding of *Haines*. As to Defendants' arguments that Plaintiff has failed to adequately allege municipal liability under *Monell*, Plaintiff argues that Defendant Jackson is "not a constitutionally permitted Officer of Law" and acted in conformity with municipal policy when he arrested Plaintiff and took him into custody at the St. Ann Police Department. ECF No. 27 at 3. But Plaintiff does not cite to any allegation in his Amended Complaint indicating he raised such claims.

Regarding Defendant Jackson's assertion of qualified immunity, Plaintiff simply states that Defendant Jackson—or any reasonable person—would know that Plaintiff's arrest was a

---

[2]   Plaintiff's Response is actually two documents, one specifically responding to Defendants' Motion to Dismiss, and a second responding to Defendant's Memorandum of Law in Support. The Court considers both documents taken together as Plaintiff's Response.

violation of his constitutional rights, and Plaintiff again argues that Defendant Jackson "was not acting in any lawful capacity described [or] permitted in the [C]onstitution in any way." *Id.*

In what Plaintiff has styled his Memorandum of Law in Opposition, Plaintiff begins by expressing his confusion regarding what allegations he could include in his Amended Complaint. Plaintiff states that he removed allegations that were present in his initial Petition when drafting his Amended Complaint due to the complaint form's instructions not to make legal arguments or cite to cases or statutes. Plaintiff does not explain why this would prevent him from including factual allegations in his Amended Complaint. Nevertheless, Plaintiff asserts that he is using his memorandum to supply factual details that were not presented in his Amended Complaint. Plaintiff then presents a series of legal arguments that he claims are facts before setting out addition legal arguments with few citations to case law. When Plaintiff does cite to cases, they are from outside of this jurisdiction[3] and have no binding authority over this Court.

Defendants filed a short Reply in which they argue that Plaintiff has failed to support the viability of his case with sufficient legal analysis and authority. ECF No. 29.

On February 19, 2025, Plaintiff filed an "Affidavit of Truth," which he claims supports his response documents, though the document appears to be a notarized list of some of the allegations in Plaintiff's Amended Complaint. ECF No. 30.

### Legal Standard

The purpose of a motion to dismiss under Rule 12(b)(6) is to test the legal sufficiency of the complaint. A complaint must be dismissed for failure to state a claim when it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*,

---

[3] Not only do some of these case cites refer to cases from other states or federal circuits, but some are from cases in the United Kingdom. Plaintiff fails to explain why these cases should have any effect in this Court.

550 U.S. 544, 570 (2007). Pleadings must include sufficient factual information to provide notice of the grounds on which the claims rest and must "raise a right to relief above a speculative level." *Id.* at 555; *see also Schaaf v. Residential Funding Corp.*, 517 F.3d 544, 549 (8th Cir. 2008). This obligation requires a plaintiff to plead "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. A complaint "must contain either direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory." *Id.* at 562 (citation omitted). When considering a motion to dismiss, the Court accepts as true all factual allegations contained in the complaint and reviews the complaint to determine whether its allegations show that the pleader is entitled to relief. *Id.* at 555-56; Fed. R. Civ. P. 8(a)(2).

## Discussion

### A.   Underlying Alleged Constitutional Violations

Section 1983 provides that:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, or any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and law, shall be liable to the party injured in an action at law . . . .

As to claims raised under § 1983 alleging violations of constitutionally protected rights, the Eighth Circuit has noted that a plaintiff must prove three essential elements to succeed: "(1) [a] violation of a constitutional right, (2) committed by a state actor, (3) who acted with the requisite culpability and causation to violate the constitutional right." *Shrum ex rel. Kelly v. Kluck*, 249 F.3d 773, 777 (8th Cir. 2001) (citation omitted).

Considering Plaintiff's allegations as a whole, the Court finds that Plaintiff has sufficiently alleged a violation of his right to be free from unreasonable searches and seizures as secured by the Fourth Amendment. Plaintiff has alleged that Defendant Jackson, a St. Ann

Police Officer (i.e., a state actor), pulled him over without probable cause. *See Bailey v. United States*, 568 U.S. 186, 192 (2013) (recognizing the general rule that Fourth Amendment seizures are "reasonable" only if based on probable cause to believe that the person seized has committed a crime) (citation omitted); *see also United States v. Demilia*, 771 F.3d 1051, 1054 (8th Cir. 2014) (finding both that a traffic stop is considered a seizure for Fourth Amendment purposes and that a traffic stop without probable cause can violate the Fourth Amendment). Plaintiff further alleges that he did not run a red light while riding his bicycle nor was there any other reason for Defendant Jackson to pull Plaintiff over for a traffic violation. According to the Amended Complaint, Defendant Jackson then proceeded to detain Plaintiff, search him, and seize his property, all as a result of a traffic stop made without probable cause. Taking Plaintiff's allegations as true—as the Court must when deciding a motion to dismiss—Plaintiff properly alleges an underlying violation of his rights secured by the Fourth Amendment.

However, Plaintiff has not sufficiently alleged violations of his Sixth or Fourteenth Amendment rights. The Eighth Circuit has held that any deprivation of rights before a criminal trial is governed by the Fourth Amendment's prohibition on unreasonable seizures and does not invoke Fourteenth Amendment due process rights. *Johnson v. McCarver*, 942 F.3d 405, 410–11 (8th Cir. 2019) (citing *Manuel v. City of Joliet*, 580 U.S. 357, 364–367). Therefore, Plaintiff's claims regarding his detention pursuant to a traffic stop implicate the Fourth Amendment not the Fourteenth. The Court therefore finds that Plaintiff has not adequately alleged that Defendants violated his Fourteenth Amendment rights.

The Sixth Amendment provides:

> In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury of the State and district wherein the crime shall have been committed, which district shall have been previously ascertained by law, and to be informed of the nature and cause of the accusation; to be confronted with the

7

> witnesses against him; to have compulsory process for obtaining witnesses in his favor, and to have the Assistance of Counsel for his defence.

U.S. Const. amend. VI.  Plaintiff provides no explanation for why Defendants' actions violated his Sixth Amendment rights, and the Court finds none.  Therefore, the Court finds that Plaintiff has failed to adequately allege that Defendants violated his Sixth Amendment rights.  The Court will dismiss all claims against the Defendants for alleged violations of Plaintiff's Sixth and Fourteenth Amendment rights.

      B.      Qualified Immunity

"An official sued under § 1983 is entitled to qualified immunity unless it is shown that the official violated a statutory or constitutional right that was clearly established at the time of the challenged conduct."  *Barnett v. Short*, 2025 WL 611811, at *6, ___ F.4th ___ (8th Cir. Feb. 26, 2025) (quoting *Plumhoff v. Rickard*, 572 U.S. 765, 778 (2014)).  "A right is clearly established when 'any reasonable official in the defendant's shoes would have understood that he was violating it.'"  *Barnett*, 2025 WL 611811 at *6 (citation omitted).  At the motion to dismiss stage, Defendant Jackson's entitlement to qualified immunity "must be apparent from the face of the complaint . . . ."  *Id.* (citing *Watkins v. City of St. Louis*, 102 F.4th 947, 951 (8th Cir. 2024)).

      The Court finds that Defendant Jackson is not entitled to qualified immunity at this stage.  As discussed above, Plaintiff alleges that Defendant Jackson pulled Plaintiff over and then detained him without probable cause.  A reasonable officer in Defendant Jackson's position would know that a seizure of Plaintiff via a traffic stop without probable cause would violate Plaintiff's Fourth Amendment rights.  Therefore, at this time, Defendant Jackson has not established that he is entitled to qualified immunity on Plaintiff's Fourth Amendment claim.

C.      The City's *Monell* Liability

"It is well established that in a § 1983 case a city or other local governmental entity cannot be subject to liability at all unless the harm was caused in the implementation of 'official municipal policy.'" *Lozman v. Riviera Beach*, 585 U.S. 87, 95 (2018) (citing *Monell v. Dep't of Social Servs.*, 436 U.S. 658, 691 (1978). The Eighth Circuit has held that "[a] municipality may only be liable for a constitutional violation resulting from (1) an 'official municipal policy,' (2) an 'unofficial custom,' or (3) 'failure to train or supervise." *Poemoceah v. Morton Cnty.*, 117 F. 4th 1049, 1057 (8th Cir. 2024).

For Plaintiff's claims against the City of St. Ann to survive a motion to dismiss, he must allege that (1) Defendant Jackson either acted pursuant to an official municipal policy or an unofficial custom of the St. Ann Police Department, or (2) that the St. Ann Police Department failed to properly train or supervise Defendant Jackson. Plaintiff has not done so. In fact, Plaintiff's Amended Complaint contains no allegations of any action on the part of the City of St. Ann. Instead, Plaintiff merely alleges that Defendant Jackson pulled him over, seized his property, and placed him under arrest. While Plaintiff attempts to argue that it can be inferred from his allegations that Defendant Jackson was acting pursuant to some unknown municipal policy or custom, these arguments are only raised in Plaintiff's briefing and no such factual allegations are contained within the Amended Complaint. Plaintiff therefore has failed to set forth sufficient allegations supporting *Monell* liability against the City, and the Court will dismiss all claims against the City of St. Ann.

D.      Punitive Damages

Because the Court will dismiss all claims against the City of St. Ann, the Court need not consider the City's arguments that it cannot be subject to punitive damages under § 1983.

9

**Conclusion**

Accordingly,

**IT IS HEREBY ORDERED** that Defendants Officer Kevin Jackson's and the City of St. Ann's motion to dismiss is **GRANTED in part** and **DENIED in part**. ECF No. 25. All of Plaintiff's claims against Defendant the City of St. Ann will be dismissed without prejudice for failure to state a claim. Similarly, Plaintiff's claims against Defendant Jackson for violations of Plaintiff's Sixth and Fourteenth Amendment rights will be dismissed without prejudice for failure to state a claim. Plaintiff's claim for the alleged violation of his Fourth Amended rights raised under 42 U.S.C. § 1983 against Defendant Jackson shall proceed.

A separate Order of Partial Dismissal shall accompany this Order.

Dated this 4th day of March, 2025.

_____
JOHN A. ROSS
UNITED STATES DISTRICT JUDGE