UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| RICHARD PACK, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   No. 4:24-cv-01120-JAR |
| | ) |
| OFFICER KEVIN JACKSON, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on the self-represented Plaintiff Richard Pack's motion to amend his complaint.  ECF No. 40.  Defendant Officer Kevin Jackson filed his response (ECF No. 43), and Plaintiff filed his reply (ECF No. 45).  Defendant also filed a sur-reply, though he did not seek leave of Court to do so.[1]  This matter is now fully briefed and ripe for disposition.  For the reasons set forth below, Plaintiff's motion will be denied.

**Background**

Plaintiff first filed this case on July 8, 2024, in the Circuit Court of St. Louis County, Missouri, naming as Defendants Officer Kevin Jackson and the St. Ann Police Department.  Plaintiff alleged that these Defendants infringed on several of his rights secured by the Missouri and United States Constitutions.  ECF No. 3.  On August 14, 2024, these Defendants removed the case to this court based on the Court's original jurisdiction under 28 U.S.C. §§ 1331 and 1343 because Plaintiff alleged, in part, violations of his federal constitutional rights pursuant to 42

---

[1] Under Local Rule 4.01(C), "[a]dditional memoranda [after the filing of a reply memorandum] may be filed by either party only with leave of Court."

U.S.C. § 1983.  ECF No. 1.  Defendants further contended that the Court had supplemental jurisdiction over Plaintiff's remaining state law claims under 28 U.S.C. § 1367.

On August 19, 2024, Defendants Jackson and the St. Ann Police Department filed a motion to dismiss.  ECF No. 5.  Following full briefing on the motion, the Court decided that, in lieu of dismissal, it would deny the motion and permit Plaintiff an opportunity to amend his Petition to conform with federal pleading standards.  ECF No. 12.

Plaintiff filed his Amended Complaint on January 17, 2025, which named as Defendants Officer Jackson and the City of St. Ann.  ECF No. 22.  Defendants Jackson and the City then filed a motion to dismiss, which the Court granted in part and denied in part.  ECF No. 31.  In accordance with the Court's Memorandum and Order, the Court dismissed all of Plaintiff's claims against the City for failure to state a claim as well as Plaintiff's claims against Defendant Jackson for alleged violations of Plaintiff's Sixth and Fourteenth Amendment rights.  ECF No. 32.  But the Court permitted Plaintiff to pursue his claim of alleged Fourth Amendment violations against Defendant Jackson.

The Court later issued an order requiring a joint proposed scheduling plan.  ECF No. 34.  After the parties submitted the joint scheduling plan (ECF No. 35), the Court issued a case management order ("CMO") (ECF No. 36).  In the CMO, the Court set a June 20, 2025, deadline for the amendment of pleadings and joinder of parties.

Plaintiff filed his motion to amend on June 20, 2025.  ECF No. 40.  Plaintiff states in his motion that he wishes to amend his Complaint "in accordance with the Joint Scheduling Plan filed April 21, 2025."  Plaintiff makes no other legal arguments in support of amendment. Plaintiff attached a proposed amended complaint in which he adds no additional factual allegations but instead sets out seven (7) new counts against Defendant Jackson and the City,

despite the Court having already dismissed all claims against the City. The seven (7) newly added counts are: Count I – depravation of and conspiracy against rights under color of law (18 U.S.C. §§ 241, 242; 42 U.S.C. § 1983); Count II - warrantless arrest under color of law (18 U.S.C. §§ 241, 242; 42 U.S.C. § 1983); Count III - unreasonable search and seizure under color of law (18 U.S.C. §§ 241, 242; 42 U.S.C. § 1983); Count IV - conspiracy false imprisonment under color of law (18 U.S.C. §§ 241, 242; 42 U.S.C. § 1983); Count V - unreasonable search and seizure under color of law (18 U.S.C. § 242; 42 U.S.C. § 1983); Count VI - assault and battery under color of law (18 U.S.C. §§ 241, 242; 42 U.S.C. § 1983); and Count VII - conspiracy false imprisonment under color of law (18 U.S.C. §§ 241, 242; 42 U.S.C. § 1983). Plaintiff also now asks for $35,001 in damages for claims for alleged personal injuries, including embarrassment and humiliation.

In response, Defendant Jackson urges the Court to deny the motion to amend. Defendant Jackson specifically argues that Plaintiff has (1) failed to include any additional factual allegations, (2) improperly sets forth claims that have already been previously dismissed in this matter, and (3) that Plaintiff's because the new proposed amended complaint would not survive a motion to dismiss under Rule 12(b)(6) and thus the amendments are futile. As to futility, Defendant Jackson specifically argues that Plaintiff has not set out sufficient factual allegations to permit him to raise *Monell* claims against the City or to reallege claims against Defendant Jackson that were previously dismissed.

In his reply, Plaintiff raises several arguments as to why his new amended complaint supports municipal liability against the City, though Plaintiff cites to no cases in support.[2]

---

[2] The Court notes that arguments raised for the first time in a reply brief generally will not be considered. *Barham v. Reliance Standard Life Ins. Co.*, 441 F.3d 581, 584 (8th Cir. 2006).

3

Instead, Plaintiff makes additional conclusory allegations regarding the City's alleged conspiratorial actions related to his arrest that are not contained in his proposed amended complaint. Plaintiff even admits that "it is . . . true that no new facts have been added to the official account of the incident," and he relies instead on "factual inferences and/or deductions [that] can be made from the information this is readily available . . . ." ECF No. 45 at 4. Plaintiff also emphasizes that he is raising new claims under 18 U.S.C. §§ 241, 242, but he makes no attempt to explain why he should be able to bring civil claims against Defendant Jackson or the City based on these federal criminal statutes.

While Defendant Jackson also filed a sur-reply, it was filed without leave of Court and therefore the Court will not consider any arguments raised therein.

## Legal Standard

Under Federal Rule of Civil Procedure 15(a)(1), "[a] party may amend its pleading once as a matter of course no later than: (A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion to Rule 12(b), (e), or (f), whichever is earlier." And under Rule 15(a)(2), "[i]n all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave." Rule 15 instructs the Court to "freely give leave when justice so requires." Even so, "[a] court does not abuse its discretion in denying a motion for leave to amend when there are compelling reasons such as undue delay, bad faith, or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the non-moving party, or futility of the amendment." *Anderson v. Bank of the West*, 23 F.4th 1056, 1060 (8th Cir. 2022) (internal quotations marks and citations omitted). "Every complaint, amended or not, must include a 'short and plain statement' showing an entitlement to relief."

4

*Mohamud v. Weyker*, 2025 WL 2056147, ___ F.4th ___, at *2 (8th Cir. July 23, 2025) (quoting Fed. R. Civ. P. 8(a)(2)). If the proposed amended complaint fails to state a claim on its face, it can be denied as futile. *Id.*

## Discussion

Plaintiff cannot amend as a matter of course under Rule 15(a)(1). Plaintiff first filed his claim in July 2024, and the Court previously permitted Plaintiff to amend his complaint, which he filed in January 2025. Because Plaintiff cannot amend as a matter of course, he may only amend his complaint with consent of the Defendant or with leave of Court. Defendant opposes amendment.

While the Court should freely give leave to amend when justice requires, that is not the case here. Plaintiff's proposed second amended complaint does not add factual allegations that were not already set out in his Amended Complaint. Instead, Plaintiff simply adds several Counts to his complaint that he alleges stem from those statements of fact. But Plaintiff's allegations of fact do not support the additional claims he seeks to add. Plaintiff has both failed to allege acts taken by the City that would subject it to *Monell* liability and to allege violations of a federal right that would permit him to pursue these additional claims against either Defendant Jackson or the City.

When presented with these same factual allegations in this Amended Complaint, the Court previously dismissed the claims against the City of St. Ann because Plaintiff failed to adequately allege facts sufficient to maintain claims for *Monell* liability against the municipality. ECF No. 31. The Court's previous reasoning still applies because Plaintiff has failed to add any factual allegations in his proposed amended complaint. Plaintiff will not be permitted to revive

his claims against the City through this amended pleading, which again fails to adequately allege a *Monell* claim against the City.

More importantly, Plaintiff's proposed claims fail to state a claim under Rule 12(b)(6) because Plaintiff has failed to allege that Defendant Jackson or the City violated a right secured by the Constitution or laws of the United States. Plaintiff specifically attempts to raise these new claims under 42 U.S.C. § 1983. "In a civil rights action under § 1983, a plaintiff must show (1) 'the violation of a right secured by the Constitution and laws of the United States' (2) by 'a person acting under color of state law.'" *Mohamud*, 2025 WL 2056147, at *2 (quoting *West v. Atkins*, 487 U.S. 42, 48 (1988)). "Violation of federal statute does not automatically give rise to a civil rights claim under § 1983. . . . Section 1983 provides a method of redress only for those federal statutes which 'create enforceable rights, privileges, or immunities within the meaning of § 1983.'" *Frison v. Zebro*, 339 F.3d 994, 998 (8th Cir. 2003) (quoting *Wright v. City of Roanoke Redevelopment & Hous. Auth.*, 479 U.S. 418, 423 (1987)). "The plaintiff bears the burden to demonstrate that the statute at issue confers a federal right on the plaintiff." *Id.* (citing *Arkansas Med. Soc'y, Inc. v. Reynolds*, 6 F.3d 519, 523 (8th Cir. 1993)).

To support his contention that his federal rights were violated, Plaintiff cites to two federal criminal statutes: 18 U.S.C. §§ 241, 242. Courts have previously found that claims raised under § 1983 for alleged violations of these statues fail a matter of law because they do not create a private right of action. *Davis v. Sarles*, 134 F. Supp. 3d 223, 228 (D.D.C. 2015) (citing *Crosby v. Catret*, 308 F. App'x 453 (D.C. Cir. 2009)). Because §§ 241 and 242 do not create a private right of action—and thus do not confer upon Plaintiff a federal right that Defendant Jackson or the City could violate—he cannot maintain claims raised pursuant to these statutes

6

under § 1983.  The Court will therefore deny Plaintiff's motion to amend because his proposed amendments are futile.

## Conclusion

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff Richard Pack's motion to amend his complaint (ECF No. 40) is **DENIED**.

Dated this 12th day of August, 2025.

_____
JOHN A. ROSS
UNITED STATES DISTRICT JUDGE